McBreen & Kopko
Kenneth Reynolds, Esq. (KR3808)
Attorneys for Debtor and
Debtor-in-Possession
500 N. Broadway, Suite 129
Jericho, New York 11753
Tel.:(516) 364-1095
Fax: (516) 364-0612
11-3540090

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
In re:

SCOTT A. LAKE,

        Debtor.
---------------------------------------------------------X
SCOTT A. LAKE,

        Plaintiff,

-against-


JAMES A. DITANNA d/b/a American Financial
International Group, and "JOHN DOES 1-10",
"MARY DOES 1-10", "ABC PARTNERSHIPS 1-10"
AND/OR "XYZ CORPORATIONS 1-10"
(the last four names being names unknown to Plaintiff,
and are intended to be any other parties who are
transferors, transferees or beneficiaries of any of the
conveyed assets described in the Complaint, and who
gave no, or less than fair, consideration for such assets),

        Defendants.
---------------------------------------------------------X

Chapter 11
Case No.: 8-09-71355-ast

Adv. Proc. Case No.:

## COMPLAINT

Scott A. Lake, the debtor and debtor-in-possession (the "Debtor"), by his attorneys, McBreen & Kopko, complaining of defendants James A. Ditanna d/b/a American Financial International Group ("Ditanna") and "John Does 1-10", "Mary Does

1-10", "ABC Partnerships 1-10" and/or "XYZ Corporations 1-10", the last four names being unknown to plaintiff, and are intended to be any other parties who are transferors, transferees or beneficiaries of any of the conveyed assets described herein (the "Additional Defendants," and collectively with Ditanna, the "Defendants") alleges as follows:

## NATURE OF THE ACTION

1. This adversary proceeding is commenced pursuant to 11 U.S.C. §§542, 544, 550 and 551, New York Debtor and Creditor Law §§273, turn-over and unjust enrichment under New York common law to set aside and recover transfers together with interest made by the Debtor to Defendants.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§541, 542, 544, 550 and 551, New York Debtor and Creditor Law §§273, and New York common law.

4. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1), 157(b)(2)(A), 157(b)(2)(E), 157(b)(2)(H), and 157(b)(2)(O).

5. Venue is proper in this Court pursuant to 28 U.S.C. §1409.

## PARTIES AND PROCEDURAL HISTORY

6. At all relevant times, the Debtor was an individual with an office for the conduct of business located at Belmont Race Trace, 2150 Hempstead Turnpike, Elmont, New York 11003.

7. On March 4, 2009 (the "Filing Date"), the Debtor filed a voluntary petition (the "Petition"), for relief under Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of New York, Central Islip Division.

8. The first meeting of Creditors was scheduled for and took place on April 3, 2009.

9. The Debtor intends to continue in possession of his property and the management of his business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

10. An Official Committee of Unsecured Creditors has not yet been appointed in this case, though the Office of the United States Trustee has indicated such an appointment may take place.

11. At all relevant times, Ditanna was an individual engaged in the business of trading hedged currency.

12. The Additional Defendants, which are designated as "John Does 1-10", "Mary Does 1-10", "ABC Partnerships 1-10" and/or "XYZ Corporations 1-10", are names unknown to plaintiff, the parties intended being any other parties who are transferors, transferees or beneficiaries of any assets determined at trial to have been fraudulently conveyed, and who gave no, or less than fair, consideration for such assets.

## BACKGROUND FACTS COMMON TO ALL CLAIMS FOR RELIEF

13. Upon information and belief, since at least April of 1995 Ditanna was purportedly operating as a trader of hedged currency positions, whereby investors were advised that Ditanna would guaranty a no risk of loss of the principal investment and

promised investors security interests in the trading accounts managed by Ditanna as collateral to protect all investments.

14. Ditanna promised high rates of returns in the form of interest on the monies exhausted by investors to Ditanna's management and control.

15. In or about April of 2005, Ditanna recruited investors including the Debtor to invest money with Ditanna.

16. The Debtor entered into a written agreement (the "Agreement") with Ditanna dated on or about April, 2005 concerning the terms for a $50,000.00 investment (the "Transfer" or "Investment") made by the Debtor with Ditanna.

17. The third-party investments, including the Debtor's Investment, induced and collected by Ditanna were to be held in trading accounts at Refco, Forex, Wachovia and Fleet First Boston.

18. No statements were ever issued to the Debtor evidencing the status of Debtor's Investment.

19. No distributions or dividends were ever paid to the Debtor on account of the Investment since the Transfer was made in April, 2005.

20. Paragraph "4" of the Agreement provided as follows:

> Actions in The Event of Liquidation. Mr. Ditanna acknowledges that in the event of liquidation of the investors secured interest that said proceeds can only be returned in the full amount plus interest to the accounts designated by Mr. Lake and Mr. Gaspar and no other place. Upon written notice funds will be returned in full with interest within 30 days.

21. The Debtor made both written and oral requests for a return of the Investment together with all accrued interest on several different occasions, including but

not limited to March 19, March 31 and April 23 of 2009.

22. Ditanna has failed to release Debtor's Investment or accrued interest thereon though Debtor has repeatedly requested a release of same.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
(Debtor Creditor Law § 273)

23. The Transfer was made by the Debtor at a time when he was or was thereby rendered insolvent.

24. Ditanna did not give fair consideration to the Debtor in exchange for the Transfer.

25. By reason of the foregoing, under Bankruptcy Code §544(b), the Debtor is entitled to a judgment (a) avoiding the Transfer pursuant to New York Debtor and Creditor Law §273, and (b) pursuant to 11 U.S.C. §§550(a) and 551, may recover from Defendants an amount as yet undetermined but which is equal to any and all sums paid to or received by Defendants which amount is, in no event, less than $50,000.00, plus appropriate interest thereon.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
(unjust enrichment)

26. The Transfer to Ditanna were returnable on thirty (30) days notice pursuant to the Agreement.

27. Ditanna has refused to account for and return Debtor's Investment, together with appropriate interest, thus Ditanna has been unjustly enriched as the Debtor has not received reasonably equivalent value for the Transfer.

28. As a result, Ditanna has been unjustly enriched and may not in equity and good conscience retain the Transfer.

29. By reason of the foregoing, Ditanna is liable to the Debtor under New York common law for unjust enrichment in an amount as yet undetermined but which is equal to any and all sums paid to or received by Ditanna which amount is, in no event, less than $50,000.00, plus appropriate interest thereon.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
(Accounting)

30. The Agreement provided that there was no risk of loss of the Investment and that the Investment would accrue a high rate of return.

31. Ditanna has refused to provide account statements or a return of the Investment.

32. By reason of the foregoing, Ditanna should be directed to account to the Debtor for the Investment from April 2005 through the present, and is liable to the Debtor, in an amount not less than $50,000.00, plus appropriate interest thereon.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
(Turn-Over)

33. Pursuant to Bankruptcy Code Section 541, the Investment constitutes property of the Debtor's estate.

34. Pursuant to Bankruptcy Code Section 542, the Defendants must return to the Debtor the Investment, together with appropriate interest.

**WHEREFORE**, Plaintiff demands judgment:

    (a)    against Defendants on the Debtor's first claim for relief (i) avoiding the Transfers pursuant to New York Debtor and Creditor Law §273, and (ii) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $50,000.00 from Defendants plus appropriate interest thereon;

(b) against Defendants on Debtor's second claim for relief for unjust enrichment under New York common law in an amount to be determined at trial, but in no event less than $50,000.00, plus appropriate interest thereon;

(c) against Defendants on the Debtor's third claim for relief for an accounting and for mismanagement of the Transfer in an amount to be determined at trial, but in no event less than $50,000.00, together with appropriate interest, and

(d) against Defendants on the Debtor's fourth claim for relief for a turn-over of the Investment together with appropriate interest in an amount to be determined at trial, but in no event less than $50,0000.00, and

(e) for such other, further and different relief as the Court deems proper.

Dated: Jericho, New York
May 20, 2009

McBREEN & KOPKO
Attorneys for Plaintiff

By: /s/ Kenneth A. Reynolds
Kenneth A. Reynolds, Esq.
A Member of the Firm
500 North Broadway, Suite 129
Jericho, New York 11753
(516) 364-1095